IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVONNE BROWN, ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EAST PAULDING CENTER, LLC, ) <br> ) <br>    Defendant. ) | CIVIL ACTION <br><br> FILE No. _____ |

## COMPLAINT

COMES NOW, YVONNE BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendant EAST PAULDING CENTER, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff YVONNE BROWN (hereinafter "Plaintiff") is, and has been

1

at all times relevant to the instant matter, a natural person residing in Dallas, Georgia (Paulding County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant EAST PAULDING CENTER, LLC (hereinafter "Defendant") is a Georgia limited liability company, and transacts business in the state of Georgia and within this judicial district.

7. Defendant may be properly served with process via its registered agent for service, to wit: Scott A. Moon, 760 Briscoe Boulevard, Lawrenceville, Georgia 30046 (Gwinnett County).

## FACTUAL ALLEGATIONS

8. On numerous occasions, including but not limited to November 26, 2018, Plaintiff was a customer at "Shell Food Mart," a business located at 185 E. Paulding Drive, Dallas, Georgia 30157.

9. Defendant is the owner or co-owner of the real property and improvements that are subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and

said real property shall be referenced herein as the "Property").

10. Plaintiff lives in the near vicinity of the Facility and Property.

11. Plaintiff's access to the business(es) located at 185 E. Paulding Drive, Dallas, Georgia 30157, Paulding County Property Appraiser's parcel number 106.1.2.049.0000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

12. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

13. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

14. Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

15. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* (the "ADA").

16. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. The Facility is a public accommodation and service establishment.

19. The Property is a public accommodation and service establishment.

20. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

21. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

22. The Facility must be, but is not, in compliance with the ADA and ADAAG.

23. The Property must be, but is not, in compliance with the ADA and ADAAG.

24. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Defendant has discriminated against Plaintiff (and others with

disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

27. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

28. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(a) The access aisle adjacent to the two accessible parking spaces on the Property is not level due to the presence of a ramp within the boundaries of such access aisle in violation of section 502.4 of the 2010 ADAAG standards.

(b) The accessible parking spaces on the Property are not level due to the presence of ramp side flares within the boundaries of

        such accessible parking spaces, in violation of section 502.4 of the 2010 ADAAG standards.

(c)     The interior of the Facility has sales and service counters and/or fixtures that are obstructed, resulting in a forward reach in excess of 44 (forty-four) inches, in violation of section 308.2.1 of the 2010 ADAAG standards.

(d)     The vertical reach to multiple beverage and other self-service dispensers in the Facility exceed the maximum permissible height of 48 (forty-eight) inches above the finished floor, in violation of section 308.3.1 of the ADAAG standards.

(e)     The soap dispensers in the restrooms in the Facility are located outside the permissible vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(f)     Defendant fails to adhere to a policy, practice and/or procedure to ensure that all facilities on the Property are readily accessible to, and usable by, disabled individuals.

29.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

30.     Plaintiff requires an inspection of Facility and Property in order to

determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

31. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

33. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

34. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

35. Upon information and good faith belief, the Facility and Property have been altered since 2010.

36. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

37. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

38. Plaintiff's requested relief serves the public interest.

39. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

40. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

41. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the

extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: December 13, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich